**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4641**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHAKUR JONES,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00021-TSK-MJA-3)

───────────

Submitted:  June 17, 2025                         Decided:  June 20, 2025

───────────

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  William L. Pennington, ATTORNEY AT LAW, Morgantown, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shakur Jones pled guilty without a plea agreement to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). At sentencing, Jones received a two-level enhancement for obstruction of justice for statements he made on a recorded jail call where he tried to influence a codefendant's testimony and threatened to harm the codefendant if he did not comply. U.S. Sentencing Guidelines Manual § 3C1.1 (2023). The district court sentenced Jones at the low end of his Sentencing Guidelines range to 151 months' imprisonment. On appeal, Jones's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Jones's sentence is substantively reasonable. Jones filed a pro se supplemental brief asserting that the district court erroneously determined that Jones threatened his codefendant and that Jones said "pushing T" instead of "pushing P" on a recorded jail call. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account

2

the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

With respect to the procedural reasonableness of Jones's sentence, the district court correctly calculated the Guidelines range, considered the parties' arguments and Jones's individualized circumstances, allowed Jones to allocute, and explained why the chosen sentence was appropriate. Thus, Jones's sentence is procedurally reasonable.

Turning to substantive reasonableness, the district court explained that the sentence was necessary considering the seriousness of Jones's offense and the need to protect the public and promote respect for the law. Moreover, the district court explicitly stated that its decision to apply the obstruction of justice enhancement was not based on whether Jones said "pushing P" or "pushing T." Rather, its decision was based on the overall context of the phone call, which demonstrated that Jones was trying to influence his codefendant's testimony, that Jones was willing to pay for that testimony, and that there were credible threats of violence if the codefendant did not comply with Jones's demand. We thus conclude that Jones fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*